WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelli Nicole Stoner, | No. CV-25-03024-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| ConstruPlan LLC, | |
| Defendant. | |

Pending before the Court is Plaintiff Kelli Stoner's motion to proceed in forma pauperis ("IFP"), (Doc. 3), and her Emergency Request for Injunctive Relief, (Doc. 4).

**I.    Legal Standards**

   **A.    Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

   **B.    28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies

to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis Complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis Complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis Complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

## II. In Forma Pauperis Application

Here, the Court has reviewed the application to proceed IFP. (Doc. 3). The Court finds Plaintiff cannot pay the filing fee and still afford necessities. Accordingly, the motion will be granted.

## III. Complaint and Request for Injunction

Next, the Court will screen the Complaint under 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint and request for emergency injunctive relief appears to stem from the sale and impending demolition of a property located at 6721 E. Mockingbird Lane, Paradise Valley, AZ 85253.[1] According to Plaintiff's Complaint, demolition was set to occur on 11:00 a.m. on August 21, 2025, (Doc. 1 at 5). Plaintiff's Complaint, however, does not establish this Court's jurisdiction or her standing to assert a claim, and it also it does not appear to state a claim upon which relief can be granted.

The first issue with Plaintiff's Complaint is the Court's subject matter jurisdiction.

---

[1] Plaintiff lists several addresses in her Complaint. Her stated relief, however, is limited to seeking an order immediately stopping Defendant from ""all construction [and] demo work at 6721 E. Meadowlark Ln," leading the Court to the assumption that this is the subject property. (Doc. 1 at 5.)

- 2 -

1   Plaintiff appears to reference environmental compliance under Federal Law as a basis for
2   federal question jurisdiction under 28 U.S.C. §1331.  Plaintiff, however, fails to allege why
3   federal environmental laws would apply to the Defendant in this case, which appears to be
4   a private contractor.  Thus, Plaintiff has failed to establish federal question jurisdiction,
5   and does not even attempt to establish diversity citizenship under 28 U.S.C. § 1332.

6        Next, Plaintiff fails to explain what interest she has in the subject property, and
7   therefore has failed to establish that she has standing.  Plaintiff states that she has remained
8   living in the property for the last six months, (Doc. 1 at 5), but this claim is belied by the
9   fact that it is not the address she used on her filings.

10       Finally, the Complaint is too confusing to state a claim. *See McHenry v. Renne*, 84
11  F.3d 1172, 1177 (affirming dismissal with prejudice of prolix, argumentative, and
12  redundant amended Complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast*
13  *Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended
14  Complaint that was "equally as verbose, confusing, and conclusory as the initial
15  Complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal
16  without leave to amend second Complaint that was "so verbose, confused and redundant
17  that its true substance, if any, [was] well disguised").  The incomprehensible nature of the
18  Complaint is evidenced by the fact that the Court is guessing as to what property is at issue,
19  Plaintiff's standing with respect to that property, and Plaintiff's legal theory for relief.

20       In addition to all of the foregoing, Fed. R. Civ. P. 65 prohibits the issuance of a
21  preliminary injunction without notice, and Plaintiff's delay in bringing this action until the
22  eve of the alleged demolition is not a basis to forego the notice requirement.  *See Martin v.*
23  *Family Lending Servs.*, 2009 U.S. Dist. LEXIS 100453, at *3 (D. Ariz. 2009) (noting that
24  a plaintiff may not create her own emergency to circumvent the notice requirement in
25  seeking a preliminary injunction.

26  **IV.    Leave to Amend**
27       Unless the Court determines that a pleading could not be cured by the allegation of
28  other facts, a pro se litigant is entitled to an opportunity to amend a complaint before

dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). The Court finding an amendment would be futile alone justifies not granting leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, the Court cannot conclude that amendment would be futile. This conclusion is based, in part, on the possibility that Plaintiff could allege additional facts and, in part, on the Court's uncertainty as to the basis for Plaintiff's claims and standing, and the Court's jurisdiction. Accordingly, the Court will give Plaintiff the opportunity to amend.

Plaintiff must note that an amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the Court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in an amended Complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended Complaint will remain dismissed from this case. *See id*.

**V.   Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 3) is granted.

**IT IS FURTHER ORDERED** that the Emergency Request for Injunctive Relief, (Doc. 4), is denied.

**IT IS FURTHER ORDERED** that the Complaint (Doc. 1) is dismissed for the reasons stated above. Plaintiff has 30 days from the date of this Order to file a first amended Complaint.

**IT IS FURTHER ORDERED** that if Plaintiff files a first amended Complaint, the Clerk of the Court shall not issue subpoenas until the Court screens the first amended Complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FINALLY ORDERED** that if Plaintiff fails to file a first amended Complaint within 30 days, the Clerk of the Court shall enter judgment dismissing this case with

prejudice. Plaintiff is cautioned that if any amended Complaint filed does not establish federal subject matter jurisdiction, this case will be dismissed without further opportunities to amend.

Dated this 21st day of August, 2025.

_____
Honorable Sharad H. Desai
United States District Judge