**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Kelli Nicole Stoner,

        Plaintiff,

v.

ConstruPlan LLC,

        Defendant.

No. CV-25-03024-PHX-SHD

**ORDER**

Pending is Plaintiff Kelli Stoner's First Amended Complaint ("FAC"), (Doc. 8). Stoner's original Complaint was dismissed on August 21, 2025, under 28 U.S.C. § 1915(e) for failure to state a claim. (*See* Doc. 5.) Because Stoner's FAC does not cure the deficiencies identified in the August 2025 Order, it will be dismissed with leave to amend.

## I.   SCREENING THE COMPLAINT

Because Stoner is proceeding IFP in this case, her Complaint must be screened.

### A.   Legal Standard

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint

that fails to state a claim." *Id.*  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at \*2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at \*2 (S.D. Cal. 2023).

### B.     Stoner's Complaint

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted).  To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).  Thus, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)).  Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

### 1.     Standing

As with her original Complaint, Stoner fails to establish in the FAC that she has standing to pursue her claims.  Article III of the United States Constitution requires that a plaintiff possess standing to pursue a claim in federal court.  *Lujan v. Defs. of Wildlife*, 504

U.S. 555, 560–61 (1992). To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citing *Lujan*, 504 U.S. at 560–61). An injury in fact is "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan*, 504 U.S. at 560). An injury is particularized if it affects the plaintiff "in a personal and individual way." *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1.)

Stoner's claims are premised on the allegation that Defendant ConstruPlan LLC ("ConstruPlan") demolished several buildings and a Native American Burial Grounds on an unidentified property.[1] (*See generally,* Doc. 8.) But it remains unclear what interest, if any, Stoner has in this property. Stoner appears to allege that she is the rightful owner of the property because it was abandoned and she was "first possessor." (Doc. 8 at 5.) But she does not allege sufficient facts to show that her residence on the property ripened into a legal property interest by adverse possession or other means. *See* Ariz. Rev. Stat. § 12-521 (defining adverse and peaceable possession). To the contrary, her allegations on this point are confusing and internally inconsistent. (*See, e.g.*, Doc. 8 at 8 (alleging that public records show the property was vacant in 2023 but that Stoner had "record and proof that the previous owner was in fact still in possession of the property in the year 2023"); *id.* at 8–9 (alleging that Stoner has "physical possession of all original paper and documents conveying the deed, trust and title" and that—apparently referring to ConstruPlan's ownership of the land—"in the review of the limited available documents . . . there are discrepancies upon the date of sale, date of the transaction, and now the latest date of property being sold within only days prior to the demolition occurring"); *see also* Doc. 7

---

[1] Stoner's prior complaint identified several addresses, but requested relief for "621 E. Medowlark Ln." (Doc. 7 at 2.) Her FAC does not include any addresses. (*See* Doc. 8.) Stoner was warned in the August 2025 Order that "an amended Complaint supersedes the original Complaint." (Doc. 7 at 4.) In any event, the specific property at issue remains unidentifiable with any degree of certainty, which underscores the inadequacy of the Stoner's allegations.

at 3 (dismissing original Complaint in part because it was "too confusing to state a claim," and collecting similar cases).)

Because Stoner has not plausibly alleged a legally cognizable property interest in the subject property, she has not established standing, and her claims predicated on the deprivation of the property will be dismissed.[2]

### 2. State Action

The FAC includes multiple constitutional claims. Specifically, Stoner asserts claims for violation of the First, Fourth, Fifth, and Ninth Amendments, as well as the Equal Protection and Due Process Clauses of the Fourteenth Amendment. (Doc. 8 at 13–24.) As an initial matter, the Ninth Amendment "does not independently create judicially enforceable constitutional rights." *Camarena-Revis v. Stoneberg*, 2019 WL 2437458, at *2 (D. Or. 2019). Furthermore, "[t]he Constitution's protections of individual liberty and equal protection apply in general only to action by the government." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991). Stoner names only ConstruPlan, a private limited liability corporation, as a defendant. And while she mentions the police, Maricopa County, and the town of Paradise Valley in her FAC, she does not allege sufficient facts to support the reasonable inference that ConstruPlan's actions are attributable to any of these state entities. (*See, e.g.*, Doc. 8 at 8.) Her constitutional claims therefore fail and will be dismissed. *See e.g.*, *Lucero v. Marie & Deedon*, 2026 WL 593230, at *1 (E.D. Cal. 2026) (dismissing constitutional claims against private parties because "[t]he First Amendment forbids the government from limiting speech, it does not constrain the conduct of private parties. The Due Process Clause requires the government to provide fair proceedings, it does not impose any duties on private parties. And the Equal Protection Clause prohibits governmental discrimination, not private discrimination" (citations omitted)).

Stoner also asserts claims under 42 U.S.C. §§ 1983 and 1985, but these claims suffer from the same defect as her constitutional claims. To state a claim under 42 U.S.C. § 1983,

---

[2]   To the extent Stoner's claims are based on harms other than the deprivation of the subject property her claims also fail for failure to show state action, as explained below.

a plaintiff must allege, among other things, that the defendant acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 499 (quoting *U.S. v. Classic*, 313 U.S. 299, 326 (1941)). Nothing in the FAC indicates that ConstruPlan was acting under state law when it began construction on the property. And while private parties may be subject to suit under 42 U.S.C. § 1985, the plaintiff must allege sufficient facts to support the reasonable inference that the private party was engaged in a conspiracy with a state actor. *Pasadena Republican Club v. Western Justice Center*, 985 F.3d 1161, 1171 (9th Cir. 2021) (failure to allege conspiracy with a state actor is fatal to a § 1985 claim); *see also Tamrat v. Schreeder*, 2020 WL 2994973, at *4 n.3 (N.D. Cal. 2020) (holding that "[a] mere allegation of conspiracy without factual specificity is insufficient" to state a § 1985 claim (quotation marks omitted)). Stoner does not allege sufficient facts to support such an inference. Consequently, her §§ 1983 and 1985 claims will be dismissed.

The FAC also contains the 42 U.S.C. § 7604 Clean Air Act citizen-suit theory raised in the original Complaint. Like the original Complaint, the FAC does not include factual allegations to support the conclusion that ConstruPlan is a regulated entity under the Clean Air Act, or that ConstruPlan violated any specific emission standard, limitation, or permit requirement under the Clean Air Act. (*See* Doc. 7 at 3.) This claim, too, will be dismissed.

## II. LEAVE TO AMEND

Unless a court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). A finding that any amendment would be futile justifies dismissal without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, it cannot be concluded that amendment would be futile, in part because it is unclear whether Stoner has a legally cognizable interest in the property, and further,

whether any injury she suffered can be attributed to a state actor. Stoner will be granted the opportunity to amend, but it is noted that this will be her third chance to amend her complaint, and failure to allege facts supporting the court's jurisdiction will result in dismissal of this action, possibly without further leave to amend.

Stoner is reminded that an amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the original complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id*.

Accordingly,

**IT IS ORDERED** that the FAC (Doc. 8) is **dismissed**. Stoner has 30 days from the date of this Order to file an amended complaint. Consistent with LRCiv 15.1, Stoner shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[3]

**IT IS FURTHER ORDERED** that if Stoner files an amended complaint, the Clerk of Court shall not issue a summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

///

///

///

///

///

---

[3]   The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website. *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited April 3, 2026).

**IT IS FURTHER ORDERED** that if Stoner fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 7th day of April, 2026.

Honorable Sharad H. Desai
United States District Judge